BLAIR et al. v. CITY OF WACO.

(Circuit Court of Appeals, Fifth Circuit. June 9, 1896.)

No. 476.

MUNICIPAL CORPORATIONS—DELEGATION OF POWERS—SALE OF BONDS.

Where a charter commits to the city council, by name, the entire control of the city's finances, with power to issue and sell bonds, the council cannot delegate to the mayor authority to sell such bonds at his discretion as to price. Pardee, Circuit Judge, dissenting.

In Error to the Circuit Court of the United States for the Northern District of Texas.

This was an action at law by John I. Blair and others, constituting the firm of Blair & Co., against the city of Waco, Tex., to recover damages for the failure of the city to comply with a contract for the sale and delivery to plaintiffs of certain bonds of the city. The contract of sale was made in behalf of the city by the mayor, acting under alleged authority of a resolution of the city council which fixed no limitation as to the price to be received. The main question in the case was whether the city council had authority to thus delegate to the mayor such unrestricted power of sale. The provisions of the city charter cited for the defendant in error as bearing upon the question were as follows:

"Art. 4. The municipal government of the city shall consist of a city council, composed of the mayor and two aldermen from each ward, a majority of whom shall constitute a quorum for the transaction of business, except at called meetings for the imposition of taxes, when two-thirds of a full board shall be required, unless herein otherwise specified."

"Art. 122. The city council shall have the management and control of the finances and other property, real, personal and mixed, belonging to the corporation."

"Art. 169. And, in furtherance of these objects, they shall have power to borrow money, upon the credit of the city, and issue coupon bonds of the city therefor, in such sum or sums as they may deem expedient, to bear interest not exceeding 8 per cent. per annum, payable semiannually or annually, at such place as may be fixed by the city ordinance: provided, that the aggregate amount of bonds issued by the city council shall at no time exceed six per cent. of the value of the property within said city subject to ad valorem tax: and further provided, that no money arising from the sale of bonds shall ever be applied to the purchase of streets and alleys, either directly or indirectly, nor shall any money ever be borrowed for that purpose.

"Art. 170. All bonds shall specify for what purpose they are issued, and shall not be invalid if sold for less than their par value; and, when any bonds are issued by the city, a fund shall be provided to pay the interest, and create a sinking fund to redeem the bonds, which fund shall not be diverted nor drawn upon for any other purpose, and the city treasurer shall honor no draft on said fund except to pay interest upon or redeem the bonds for which it was provided; said bonds shall be signed by the mayor, and countersigned by the secretary, and payable at such place and at such time as may be fixed by ordinance of the city council, not more than thirty years."

"Art. 179. And for the accomplishment of these purposes, and the other purposes specified in section 21 of said act, the city of Waco may borrow money upon the credit of the city, and may issue bonds therefor, registered or coupon, in such sums and for such amounts as may be found necessary or expedient; said bonds to bear interest at a rate not exceeding eight per cent. per annum.

"Art. 180. But the aggregate amount of bonds issued by the city, and outstanding and unpaid, shall never exceed eight per cent. of the taxable values, as shown by the assessment rolls."

"Art. 289. This act shall have the force and effect of a public act, and the courts shall take notice thereof in all proceedings without further proof."

Geo. Clark and D. C. Bolinger, for plaintiffs in error.

The allegations of plaintiffs' first amended original petition, if true, constituted a valid and legal cause of action against defendant, in that the sale of municipal bonds is an administrative act, and not a legislative act, as contended for by the defendant in error. Such bonds having been duly and legally issued by action of the city council of the city of Waco, in manner and form as required by law, the contract, therefore, for the sale of such bonds, was not ultra vires, but was in all respects valid and enforceable at law. Charter of Waco (Act Feb. 19, 1889); 1 Dill. Mun. Corp. (4th Ed.) §§ 96, 192, 445, 450, 459, 492; Throop, Pub. Off. § 551, and authorities cited.

T. L. McCullough, City Atty., and Jas. A. Harrison, for defendant in error.

Where a power, by charter, is vested in the common council of a city or town, and the exercise of such power involves discretion, such power must be exercised by the common council, and cannot be delegated to an officer of the corporation.

In the absence of express statutory authority, a municipal corporation cannot delegate its legislative or judicial powers, or any power involving the exercise of discretion. Charter of Waco, arts. 4, 122, 169, 170, 179, 180, 289; 15 Am. & Eng. Enc. Law, p. 1042, and authorities there cited; Cooley, Const. Lim. (6th Ed.) p. 248; Dill. Mun. Corp. (4th Ed.) arts. 96, 357; Horr & B. Mun. Ord. §§ 10, 11; State v. Hauser, 63 Ind. 155; In re Wilson (Minn.) 19 N. W. 723; City of Chicago v. Trotter (Ill. Sup.) 26 N. E. 359; City of St. Louis v. Russell (Mo. Sup.) 22 S. W. 470; City of St. Louis v. Clemens, 43 Mo. 395; Matthews v. City of Alexandria, 30 Am. Rep. 776; Birdsall v. Clark, 29 Am. Rep. 105; Russell v. Cage, 66 Tex. 431, 1 S. W. 270; Railway Co. v. Riordan (Tex. Civ. App.) 22 S. W. 519.

Before PARDEE and McCORMICK, Circuit Judges, and SPEER, District Judge.

McCORMICK, Circuit Judge.    Blair & Co., the plaintiffs in error, brought this action against the city of Waco, the defendant in error, claiming $10,000 damages for the failure on the part of the city to comply with its contract for the sale and delivery to the plaintiff of $130,000 of the city's 30 years' bonds, founding the action on the following written memorandum:

"December 18th, 1891.

"C. C. McCulloch, Mayor, Waco, Texas—Dear Sir: We have purchased of you to-day $130,000.00 city of Waco, Texas, 5 % public improvement bonds, due July 1st, 1921, interest payable semiannually, both principal and interest payable in gold coin in New York City, at 92½ cents for each dollar's worth flat, January coupon off, to be delivered in New York Jan. 18th, 1892, which purchase is made subject to the bonds being legally and regularly issued; we to be furnished in full with all papers authorizing the issuance of same.

"Yours, truly,                                    [Signed] Blair & Company.
"Accepted:          [Signed] C. C. McCulloch, Mayor, Waco, Texas."

The plaintiffs allege, in substance, that C. C. McCulloch, as mayor of the city, was duly and legally authorized, empowered, and directed by the unanimous resolution of the city council to sell the bonds, without any limitation as to the price he was to receive; that the city was in urgent need of funds to pay its contractors engaged in constructing the public improvements, to secure which the bonds were duly authorized to be issued; that between December 18, 1891, and January 18, 1892, the bonds so appreciated as to become worth their par value, and they are now worth the sum of $130,000; that, in fact, the bonds were duly and regularly issued, and the plaintiffs were prepared on January 15, 1892, to pay for the same, and stood ready and willing to comply with the stipulations of their contract, and to pay the defendant the sum of 92½ cents on each dollar's worth of the bonds mentioned, and duly demanded delivery of the bonds according to the terms of the contract; that the city wholly refused and failed to comply with the contract, and sold the bonds to other parties at a higher price. The city submitted a general demurrer to the plaintiffs' petition, which was sustained by the court, and, the plaintiffs declining to amend, judgment was entered dismissing their action; and this is assigned as error.

We concur in the judgment of the circuit court. Waiving any criticism of the terms of the alleged contract for the purchase and sale of the bonds, it seems clear to us that it was beyond the power of the city council to delegate to the mayor or to any agent the power to sell these bonds at his discretion as to price. We have examined the authorities cited by counsel for the appellants (except Throop on Public Officers, not accessible), and, in our opinion, they do not sustain his contention. It is clear to us that the city's charter commits to the council exclusively the control of the city's finances, and does not, by expressed terms or by fair implication, authorize the delegation to an agent of such discretion as was attempted to be conferred by the resolutions relied on. The judgment of the circuit court is affirmed.

PARDEE, Circuit Judge, dissents.