

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XX~~XXXXXXXXXXXXXXXXXXXX~~XXXXX
ATTORNEY GENERAL

Honorable Chas. A. Tosch
County Auditor
Dallas County
Hall of Records
Dallas, Texas

Dear Sir:

Opinion No. 0-1164
Re: Can salaries of right-of-way agents
be paid from the right-of-way bond
fund?

Explanation of our opinion No.
0-1379, pertaining to the method of
the payment of compensation to
similar special employees.

We acknowledge receipt of your letter of recent date, from which we
quote as follows:

"Can salaries of right-of-way agents employed by the County to work
exclusively on the projects for which the bonds were voted be paid
out of bond funds?

"Your opinion to Moseley is very clear and answers the purpose in so
far as the appraisers' fees are concerned, but the Commissioners'
Court of this County has employed several right-of-way agents, on
salaries, who make the actual purchase of the right-of-way.

"We are very anxious to know whether or not these salaries can be
paid out of the same fund, . . ."

This opinion supplements and explains, in certain particulars, our
opinion No. 0-1379, addressed to Honorable E. G. Moseley, Civil
District Attorney, Dallas, Texas.

Our department held in opinion No. 0-1379, that the Commissioners'
Court of Dallas County is authorized to employ an attorney and
appraisers in the acquisition of rights-of-way, and to pay the
compensation of such employees out of the funds derived from the
sale of bonds voted by the people of Dallas County for the purpose
of constructing roads and highways and acquiring rights-of-way
therefor. The reasoning set forth in that opinion, and the
authorities cited therein, likewise justify the conclusion that
the Commissioners' Court of Dallas County is authorized to employ

right-of-way agents for the purpose of making the actual purchases of the rights-of-way.

Pertaining to the method of the payment of the compensation of such special employees, there appears in our opinion No. 0-1379 the following statement:

". . .that the appraisers may be compensated on a per tract or per day basis in a reasonable sum from the bond funds. . ."

and

". . .we believe that the attorney should be employed for a specific sum of money to institute and prosecute condemnation law suits. . ."

After carefully considering the question of the basis of the payment of compensation to such authorized special employees, which may be adopted by the commissioners' court, we feel that our opinion No. 0-1379 in such respects, should be clarified. The cases cited in our opinion referred to, did not involve the  question of the method of payment of compensation to individuals specially employed by a commissioners' court, whether the individual were an architect (Russell v. Cage, 1 S.W. 270) or an attorney (City National Bank  V. Presidio County 26 S.W. 775; Grooms v. Atascosa, 32 S. W. 188; Jones v. Veltman, 171 S. W. 287; Galveston County v. Gresham, 220 S. W. 560) or a paving company to manage, supervise, operate, advise, and so forth, in the construction of a two million dollar county road system (Gulf Bitulithic Company v. Nueces County, 11 S.W. (2nd) 305). These cases are authority for the proposition that in certain situations, the commissioners' court is authorized to contract for special assistance, and further that the compensation payable in such situations must be reasonable and commensurate with the services required and actually performed.

Possessing the authority to employ appraisers, right-of-way agents and/or an attorney, and the corollary right to compensate such employees, the method or basis of the payment of such compensation becomes peculiarly the function of the commissioners' court to determine in consonance with the test of reasonableness invoked in the cited cases. Manifestly, this question can only be properly resolved by practical considerations; in other words, in the manner whereby the county will receive the required services in return for the most economical financial expenditures. Questions of fact and of the exercise of discretion only are involved. It is not the prerogative of this department to resolve such fact and discretionary questions, assume it would be more practicable and economical to compensate an appraiser, or a right-of-way agent, or an attorney on a per day or a per tract or a salary basis, and thereupon rule that the commissioners' court would be unauthorized

adopt either of these methods. We merely recognize that it is the duty of the commissioners' court to adopt the most practicable and economical method for the county, and point out that the court would be unauthorized to compensate any special employee beyond the limit of a reasonable expenditure commensurate with the services required and actually rendered.

You are therefore respectfully advised that it is the opinion of this department that the Commissioners' Court of Dallas County is authorized to employ right-of-way agents to work on the projects for which the bonds were voted, the compensation of whom may be paid out of the funds received from our opinion No.0-1379, the compensation of such employee, together with that of an apprasier and/or an attorney, which the commissioners' court is authorized to employ as held in the opinion referred to, may be paid on a per day or a per tract or a salary basis, provided the compensation paid is reasonable expenditure commensurate with the services required and actually rendered.

Trusting that the foregoing adequately answers your inquiry, we remain,

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Walter F. Koch
Assistant

By

Zollie C. Steakley

ZCS:PAM:cge

APPROVED JAN 13, 1940

GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee
By BWB, Chairman