ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

May 21, 2003

Mr. Edward A. Dion                                          Opinion No. GA-0074
El Paso County Auditor
500 East San Antonio Street                                Re: Authority of a bail bond board to hire outside
El Paso, Texas 79901-2407                                  legal counsel over the objection of the county
                                                           attorney  (RQ-0005-GA)

Dear Mr. Dion:

        You ask a series of questions regarding the El Paso County Bail Bond Board (the "Board")
and the county attorney.[1] As we understand the facts leading to your request, some members of the
Board assert that the county attorney has a conflict of interest in both providing legal advice to the
Board and collecting bond forfeitures. Accordingly, some members of the Board believe that the
Board should employ outside counsel, and, as you inform us:

                On September 25, 2002, the Board approved a motion to hire
        an attorney to represent it, subject to the El Paso County Auditor
        requesting and receiving an attorney general opinion that: (1) it is
        lawful for the Board to hire outside legal counsel over the objection
        of the El Paso County Attorney; and (2) it is lawful for the El Paso
        County Auditor to pay a claim for the outside counsel's fees under
        such circumstances.

Request Letter, supra note 1, at 1.

        Your first question is whether the Board is a county entity. The question arises because a
county attorney has a duty under section 41.007 of the Government Code to "give to a county or
precinct official of his district or county a written opinion or written advice relating to the official
duties of that official." TEX. GOV'T CODE ANN. § 41.007 (Vernon 1988). As you explain it, "It is
contended by some members of the Board that the Board is not a 'county entity,' and therefore need
not seek legal advice from the County Attorney." Request Letter, supra note 1, at 2.

---

        [1]See Letter from Mr. Edward A. Dion, El Paso County Auditor, to Honorable Greg Abbott, Texas Attorney
General (Dec. 4, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

Pursuant to chapter 1704, subchapter B of the Occupations Code, a county bail bond board "is created *in each county* with a population of 110,000 or more," TEX. OCC. CODE ANN. § 1704.051 (Vernon 2003) (emphasis added), and "may be created *in a county* with a population of fewer than 110,000." *Id.* § 1704.052 (emphasis added). The members of such a board include *inter alia* such county officials as the sheriff or his designee, a district judge of the county with criminal jurisdiction, the county judge or a commissioner or designee of the commissioners court, a county court or county court-at-law judge with criminal jurisdiction, and the county treasurer. *See id.* § 1704.053. In *Dallas County Bail Bond Board v. Mason,* 773 S.W.2d 586 (Tex. App.–Dallas 1989, no writ), the Dallas court of appeals described a bail bond board as a "legal entity through which the county performs its governmental function." *See Mason,* 773 S.W.2d at 587. Similarly, in *Dallas County Bail Bond Board v. Stein,* 771 S.W.2d 577 (Tex. App.–Dallas 1989, writ denied), the same court described a board as a "governmental agent of the county for purposes of regulating the bail bond industry." *See Stein,* 771 S.W.2d at 579. It is clear, in light of (i) the statutory language indicating that bail bond boards are created in each county and function in that county, (ii) the fact that a significant portion of the membership of such boards consists of *ex officio* county officers or their designees, and (iii) the specific description of such boards in *Mason* and *Stein* as performing county governmental functions, that bail bond boards such as the El Paso County Bail Bond Board are county entities.

Your second question is whether the county attorney's duties include legal counsel to the Board. We have already noted with respect to this question that section 41.007 of the Government Code imposes a duty to provide legal advice on a county attorney. The El Paso county attorney is further explicitly charged by Government Code section 45.171(a) "to represent the state, El Paso County, and the officials of El Paso County in all civil matters pending before the courts of El Paso County and any other courts in which the state, the county, or the officials of the county have matters pending." TEX. GOV'T CODE ANN. § 45.171(a) (Vernon Supp. 2003). These provisions charge the El Paso county attorney with the legal representation of the county and its officials, which, as we noted in answer to your first question, specifically includes the Board.

It has been suggested, however, that section 1704.101(8) of the Occupations Code, which empowers the Board to "employ persons necessary to assist in board functions," TEX. OCC. CODE ANN. § 1704.101(8) (Vernon 2003), gives the Board the authority to hire outside legal counsel to provide it advice. It is well-established law in Texas that an officer cannot be ousted from his legal duties. In *Terrell v. Greene,* 31 S.W. 631 (Tex. 1895), the Tarrant County commissioners sued the county treasurer on his bond and employed a private attorney for this purpose. The county attorney asserted that the duty to prosecute the suit was his, and the Texas Supreme Court agreed: "While the commissioners' court might employ counsel to assist the county attorney in the performance of this duty, it had not the authority under the law to displace him from his position and rightful authority under the law as an officer of that county." *Terrell,* 31 S.W. at 633. Similarly, in *Jones v. Veltmann,* 171 S.W. 287 (Tex. Civ. App.–San Antonio 1914, writ ref'd), the San Antonio appeals court held that the county attorney had a duty to provide legal advice to the county: "It was . . . the duty of the county attorney to advise the county judge and commissioners' court in regard . . . to all county matters. There could be no county matters about which advice was required that was 'not contemplated or covered' by his official duties as county attorney." *Veltmann,* 171 S.W. at 290. Based upon those authorities and others, this office concluded in Attorney General Opinion JM-1281

(1990) that the Harris County Commissioners Court could not appoint lawyers to advise the sheriff or individual commissioners on their legal duties except in compliance with a statute that gave the power to select such counsel to the county attorney. The law "compel[s] the various officials of [a county] to obtain representation and advice in all legal matters from the [county] attorney and him alone, absent the exceptions provided by [the statute in question]." Tex. Att'y Gen. Op. No. JM-1281 (1990) at 6.

The more recent case of *Guynes v. Galveston County*, 861 S.W.2d 861 (Tex. 1993) does not argue for a contrary result. In that case, the Galveston County Commissioners Court had, with the consent of the Galveston County criminal district attorney, created a legal department to advise it. The criminal district attorney's principal role was representing the state in criminal matters, and he had "clearly and unequivocally consented to [this] arrangement for handling the county's legal affairs." *Guynes*, 861 S.W.2d at 864. As the supreme court said:

> We are not called on to resolve any actual conflict between the Commissioners Court and the Criminal District Attorney, and do not address what limitations might be imposed on the present arrangement should the Criminal District Attorney withdraw his consent or otherwise object to the business or conduct of the Department.

*Id.* Unlike the Galveston County criminal district attorney, however, the El Paso county attorney explicitly refuses to consent to the proposal that he be superseded by outside counsel. Further, *Guynes* dealt with a county in which the county attorney's office had been abolished by statute. *See id.* at 862. This is not the case in El Paso County. There is a functioning El Paso county attorney who cannot be divested of his duties against his will. The power granted the Board to "employ persons necessary to assist in board functions," TEX. OCC. CODE ANN. § 1704.101(8) (Vernon 2003), is not sufficient to effect such a result.

We have determined that the Board may not employ outside counsel without the consent of the county attorney, and because you have a duty as county auditor to see to the proper expenditure of moneys deposited in the county's general fund, you may not approve the payment of a claim for such representation. As you point out, Local Government Code section 112.006(b) requires you to "see to the strict enforcement of the law governing county finances," section 113.064(a) provides that a claim "may not be allowed or paid" until you have examined and approved it, and section 113.065 provides that you may not approve such a claim "unless the claim was incurred as provided by law." TEX. LOC. GOV'T CODE ANN. §§ 112.006(b), 113.064(a), 113.065 (Vernon 1999). Section 1704.101(8) of the Occupations Code does not furnish a basis for the payment of any such claim.

Your final question returns to the root of the instant controversy. You ask whether there is indeed a conflict of interest when the county attorney both represents the Board and collects on bond forfeitures. The relevant Texas Disciplinary Rule of Professional Conduct is Rule 1.06, which requires that a lawyer not represent opposing parties in the same litigation or represent two persons in "a substantially related matter" whose interests are "materially and directly adverse" or reasonably

appear "to be or become adversely limited" by such representation. TEX. DISCIPLINARY R. PROF'L CONDUCT 1.06(a), (b), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 1988) (TEX. STATE BAR R. art. X, § 9). Insofar as the county attorney represents the state, in whose name the action is maintained, in bail bond forfeitures, *see* TEX. CODE CRIM. PROC. ANN. art. 22.02 (Vernon 1989), his duty is to obtain favorable results for the state and to collect on the judgment. The Board, on the other hand, has no particular interest in any such action. Pursuant to section 1704.204(b) of the Occupations Code, if a surety fails to pay a final judgment, the funds necessary for its satisfaction may be withdrawn from the security posted under section 1704.160 of the same code. *See* TEX. OCC. CODE ANN. §§ 1704.160, 1704.204(b) (Vernon 2003). However, in such event, section 1704.206 of the Occupations Code requires the surety to replenish the funds in question. *See id.* § 1704.206. Accordingly, the Board is not materially disadvantaged when the county attorney prosecutes a bond forfeiture action.

Even if it were possible for a county attorney's two governmental responsibilities to conflict, the Texas Supreme Court has recognized that such conflicts are not to be regarded in the same manner as conflicts of interest in the representation of private parties. In *Public Utility Commission of Texas v. Cofer*, 754 S.W.2d 121 (Tex. 1988), the supreme court held that the attorney general could not be removed from representing one of two adverse state agencies even when they were directly on either side of the docket. *See Cofer*, 754 S.W.2d at 125. The court did not decide, in that instance, that there was no conflict, but held that the attorney general was directed by statute to take these opposing roles and that the resolution of any such conflict, like its creation, was a matter for the legislature. *See id.* at 125-26.

## S U M M A R Y

The El Paso County Bail Bond Board is a county entity. Government Code section 41.007 imposes a duty on the El Paso county attorney to provide legal counsel to the Board. *See* TEX. GOV'T CODE ANN. § 41.007 (Vernon 1988). The Board may not seek outside legal counsel without the consent of the county attorney, and the El Paso county auditor may not pay any claim for such outside representation. There is no inherent conflict of interest in the dual roles of the county attorney in collecting bail bond forfeiture judgments and advising the Board.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General, Opinion Committee