### WADDELL v. UNITED STATES (No. 2557)[1]

1. ADMINISTRATIVE INSTRUCTIONS CONTRARY TO LAW.

   In *MacMillan* v. *United States*, 11 Ct. Cust. Appls. 466, it was decided that in the permission given by the law to amend an entry "before the invoice or the merchandise has come under the observation of the appraiser for the purpose of appraisement," the observation of the examiner was not the observation of the appraiser. An instruction by the Treasury Department to a collector that it was "impracticable" to follow this decision is not conducive to the welfare of any of the parties concerned. To judge of the practicability or feasibility of law is not the province of the Treasury Department, but of Congress only.

2. PROTEST AGAINST REFUSAL TO PERMIT ENTRY AMENDMENT PREMATURE BEFORE LIQUIDATION—CONSTRUCTION, SECTION 514, TARIFF ACT OF 1922.

   Section 514, Tariff Act of 1922, does not give the right to protest against the refusal by the collector to permit the amendment of an entry under section 487, alternatively within 60 days after his refusal or within 60 days after liquidation; and such a protest, filed before liquidation, was properly dismissed by the Board of United States General Appraisers as premature.

United States Court of Customs Appeals, January 18, 1926

APPEAL from Board of United States General Appraisers, Abstract 48689

[Affirmed.]

*Sharretts, Coe & Hillis* (*Edward P. Sharretts* of counsel) for appellant.
*William W. Hoppin*, Assistant Attorney General (*Margaret M. Burnett*, special attorney, of counsel), for the United States.

---

[1] T. D. 41342.

[Oral argument October 26, 1925, by Mr. Sharretts and Mr. Hoppin]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BLAND, Judge, delivered the opinion of the court:

On June 1, 1923, the appellant imported and entered certain merchandise at the port of New York. On June 6, following, the importer made an application to the collector to amend the entry so that additions might be made to the entered value under section 487 of the Tariff Act of 1922. On June 14, following, the collector denied the importer's application. Within 60 days after the collector had denied the application for amendment of entry, but before the entry had been liquidated, the importer, on June 19, 1923, filed a protest against the collector's action on the application.

The Board of General Appraisers, Waite, G. A., dissenting, dismissed the protest on the ground that it was filed prematurely.

The importer appeals from the decision of the Board of General Appraisers dismissing the protest.

The report of the collector is as follows:

Report of the collector—Protest 15306.

Respectfully referred to the Board of United States General Appraisers for decision:

Application dated June 6, 1923, was made to amend entry under the provisions of section 487 act of 1922.

The appraiser reported that prior to the time of filing the requisition for the return of the invoice both the invoice and the merchandise had come under the observation of the examiner for the purpose of appraisal. Neither the invoice nor the merchandise had come under the personal observation of the appraiser for the purpose of appraisal. The application was denied under date of June 14, 1923. Note department letter of April 26, 1923, 5005/89, copy herewith.

Protest was received within 60 days after the date of the refusal to amend.

PHILIP ELTING, *Collector.*

Section 487 of the Tariff Act of 1922 reads:

SEC. 487. The consignee, or his agent, may, at the time entry is made or at any time before the invoice or the merchandise has come under the observation of the appraiser for the purpose of appraisement, make such additions in the entry to or such deductions from the cost or value given in the invoice as in his opinion may raise or lower the same to the value of such merchandise.

No question, in this case, is raised as to the right of the importer to amend. Under the facts in this case both sides seem to concede that this question is settled by the decision in the case of *MacMillan* v. *United States*, 11 Ct. Cust. Appls. 466, where it was held that coming under the observation of the examiner is not coming "under the observation of the appraiser for the purpose of appraisement," as provided for in section 487, *supra.*

The record discloses that the refusal of the collector to permit amendment was based u on a letter from the Treasury Department, which stated, in substance, that it was "impracticable" to apply

the definition of "appraiser" as found in the MacMillan case, *supra*, and which letter further made reference to the possibility of appeal in said cause. The letter frankly admitted that the Treasury Department understood the full import and effect of the decision of this court.

The MacMillan case, on and after the date when it became effective, was the law on this question as far as the collector and Treasury Department were concerned, and should have been followed by them. We know of no authority by which the Treasury Department or the collector can set themselves up as proper parties for the determination of the practicability or feasibility of a law. Unquestionably this duty rests with Congress. It was the duty of this court to determine in what sense the word was used by Congress, and we think we have done so in the MacMillan case. If the Congress in using the word "appraiser" meant "examiner," it could easily have said so. We regard it as being entirely without our legitimate sphere of action to supply legislation, and the Treasury Department and the collector certainly should feel themselves circumscribed by the same limitation.

Any practice of administrative officials, having to do with customs matters, which ignores the plainly expressed mandate of the law as given to them by judicial tribunals, having unquestioned jurisdiction of the subject matter, is not conducive to the promotion of the welfare of any of the parties concerned.

. The sole question, in this case, is whether or not the protest was filed prematurely, having been filed before liquidation. The decision of this question involves the meaning to be given to section 514 of the Tariff Act of 1922, which is as follows:

SEC. 514. PROTEST.—All decisions of the collector, including the legality of all orders and findings entering into the same, *as to the rate and amount of duties chargeable*, and as to all exactions of whatever character (within the jurisdiction of the Secretary of the Treasury), and his decisions excluding any merchandise from entry or delivery, under any provision of the customs revenue laws, and his liquidation of any entry, or refusal to pay any claim for drawback, or his refusal to reliquidate any entry for a clerical error discovered within one year after the date of entry, or within sixty days after liquidation when liquidation is made more than ten months after the date of entry, shall be final and conclusive upon all persons, unless the importer, consignee, or agent of the person paying such charge or exaction, or filing such claim for drawback, or seeking such entry or delivery, shall, within sixty days after, *but not before such liquidation or decision* as well in cases of merchandise entered in bond as for consumption, file a protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry, payment, claim, or decision, the reasons for the objection thereto, and if the merchandise is entered for consumption shall pay the full amount of duties, charges, and exactions ascertained to be due thereon. Under such rules as the Board of General Appraisers may prescribe, and in its discretion, a protest may be amended at any time prior to the first docket call thereof. (Italics ours.)

This question was squarely before the Board of General Appraisers (No. 3) in the case of *Cox & Schreiber* v. *United States*, T. D. 40086, 45 Treas. Dec. 381. In that case the collector had denied the importer the right to amend the entry, and the importer protested before liquidation. The board held that the protest was not premature, and that section 514 authorized a protest before liquidation in so far as the collector's decision denying the right to amend was a question arising over the validity and legality of the decision made by the collector, which decision did not *directly* involve the question of rate and amount of duty.

Later, the same division of the Board of General Appraisers, in the case of *Buschman Bros.* v. *United States*, T. D. 40460, 46 Treas. Dec. 329, in a ruling opinion by Judge Adamson, with which Judge Young concurred, and from which Judge Waite dissented, the decision in the *Cox & Schreiber* case was expressly "reviewed and reversed." In the *Buschman Bros.* case, *supra*, in a very well considered opinion, the court held that the protest had been prematurely filed in so far as it had been filed before liquidation, and the protest was dismissed. In the course of its opinion the court said:

Our interpretation is that the word "decision" in that connection means exactly what it does in the beginning of section 514 where the words "all decisions" are used, which we construe to mean according to grammatical expression, "as to the rate and amount of duties chargeable."

In the case at bar, which was also before Board 3, in an opinion by Judge Adamson, concurred in by Judge Young, and dissented from by Judge Waite, the *Buschman Bros.* case, *supra*, was cited as controlling, and the protest was accordingly dismissed.

We think the action of the board dismissing the protest as having been filed prematurely was correct.

While the question was not directly involved in the case of *MacMillan* v. *United States*, *supra*, before this court, we reversed the action of the Board of General Appraisers in overruling a protest filed after liquidation, based upon the refusal of the collector to permit an amendment of his entry, the merchandise of which had come under the observation of the examiner. That the action of the collector could be properly challenged by protest after liquidation was, in that case, undisputed.

It is urged by the importer, in this case, that section 514, *supra*, grants the right to protest a decision of the collector refusing the right to amend within 60 days after the decision and before liquidation, or within 60 days after liquidation. It is the contention of the Government that Congress could not have intended to have provided for two separate rights of protest against a single act of the collector and that it was the congressional intent to provide that all

428 · 13 COURT OF CUSTOMS APPEALS

questions involved in liquidation should be raised by protest after liquidation. With this contention we agree.

The word "decision" in the phrase, "but not before such liquidation or decision," in section 514, *supra*, does not relate to actions on the part of the collector enumerated in the preceding part of the section which has to do with any decision or action relating to the rate and amount of duties chargeable. Such actions on the part of the collector as are involved in determining the rate and amount of duties chargeable may be raised by protest after liquidation, and not before such event.

As has been pointed out repeatedly in the decisions of the board, section 514 of the Tariff Act of 1922 embodies a number of changes from its predecessor, paragraph N of section 3 of the act of 1913. A careful study of the paragraph together with its predecessor strengthens the conclusion that Congress could not have intended, by section 514, *supra*, the creation of a multiplicity of actions by permitting the importer to protest and try out questions before liquidation which might well be tried out later in protesting the liquidation. We can readily understand why some actions of the collector may be protested before liquidation, because unless the protest would be overruled there would be no liquidation. Such would be the case where the collector refused entry.

The action of the collector, in the case at bar, in refusing to permit amendment involved a decision as to the rate and amount of duties chargeable, which could have been raised properly by protest within 60 days after liquidation, and, therefore, the protest filed before liquidation should have been dismissed, and the judgment of the Board of General Appraisers is *affirmed*.