## HOPKINS & CO. *v.* UNITED STATES (No. 2675)[1]

1. PROTEST AGAINST REFUSAL TO PERMIT ENTRY AMENDMENT PREMATURE BEFORE LIQUIDATION.

A protest against the collector's refusal to permit the amendment of an entry under section 487, Tariff Act of 1922, may not be filed before liquidation. Sec. 514. *Waddell* v. *United States,* 13 Ct. Cust. Appls. 424, T. D. 41342.

2. AMENDMENT OF ENTRY VALUE.

An application to amend an entry statement of value (sec. 487, Tariff Act of 1922—Article 269, Customs Regulations 1923) need not state *what* amendment is contemplated.

3. AMENDMENT OF ENTRY—PRACTICE.

An amendment of an entry should be made while the entry papers remain in customs custody.

### United States Court of Customs Appeals, April 17, 1926

APPEAL from Board of United States General Appraisers G. A. 9042, T. D. 41134

[Affirmed in part and reversed in part.]

*James A. Bevans* for appellants.
*Charles D. Lawrence,* Assistant Attorney General (*Oscar Igstaedter* and *William H. Futrell,* special attorneys, of counsel), for the United States.

[Oral argument March 16,1926, by Mr. Bevans and Mr. Igstaedter]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD Associate Judges

BARBER, Judge, delivered the opinion of the court:

Appellants, the importers, on March 24, 1924, duly entered certain merchandise at the port of New York. April 5 following they applied to the collector of customs there for permission to amend the entry in the following language:

Permission is respectfully requested to amend Entry #865,000. The reason for this request is that through a clerical error we failed to add to make market value, and now desire permission to do so.

The collector on the same day or shortly thereafter denied the importers' application in the following language:

Apr. 5/24, 9.30 A. M.
Application to amend entered value, under section 487, Tariff Act 1922, and T. D. 39336, refused: authority, D/L 5005/89, April 26, 1923, and July 24, 1923. Apr. 16, 1924, 12.05 P. M. Denied.

Importers seasonably protested this denial, but the collector did not forward the protest to the Board of General Appraisers until the next protest, hereinafter referred to, was made.

[1] T. D. 41545.

The foregoing application to amend was based on the provisions of section 487 of the Tariff Act of 1922 which we quote:

The consignee, or his agent, may, at the time entry is made or at any time before the invoice or the merchandise has come under the observation of the appraiser for the purpose of appraisement, make such additions in the entry to or such deductions from the cost or value in the invoice as in his opinion may raise or lower the same to the value of such merchandise.

At the time the application to amend was made, neither the invoice nor the imported merchandise had come under the observation of the appraiser for the purpose of appraisement.

The collector, after having refused to let importers amend their entry, assessed the regular duty on the appraised value of the merchandise and, as that exceeded the entered value, assessed additional duties thereon.

Importers seasonably protested this liquidation. In the protest they called attention to section 487, pointed out that they had applied thereunder for leave to amend the entry, which application had been denied, and also that as a result the collector in liquidating had assessed regular and additional duties on the value returned by the appraiser "which was a greater value than the value shown in the invoice and entry which the importers endeavored to amend by their application."

The two protests were thereupon forwarded to the Board of General Appraisers and heard together.

The board dismissed the first as premature and, without affirming the action of the collector, overruled the second in substance, as we understand, on the ground that as the importers did not, in their application to amend, set out the change or changes which they desired to make in the invoice or entered value, they were remediless.

As to the protest first filed, the judgment of the Board of General Appraisers is affirmed on the authority of *Waddell* v. *United States*, 13 Ct. Cust. Appls. 424, T. D. 41342, where the precise question here involved was considered and decided adversely to importers' contention.

As to the second protest in this case, we disagree with the conclusion reached below. Section 487 conferred an absolute right upon the importers to make such additions in the entry to the cost or value given in the invoice as in their opinion might raise the same to the value of the imported merchandise, provided the right was exercised before the invoice or the merchandise had come under the observation of the appraiser for the purpose of appraisement.

We do not think this section is open to the argument of the Government that, because the words *amendment* or *amend* are not employed in the section, the act which the importer is therein authorized to perform is not fairly within the meaning of those words. The Treas-

ury Department evidently has not adopted the Government's view. In article 269 of the Customs Regulations of 1923, under the subtitle of "Amendment of Value on Entry," it is provided—

That the importer may, upon application in writing to the collector, be permitted to *amend* his entry if it shall appear that the invoice or merchandise has not come under the observation of the appraiser for the purpose of appraisement. (Italics ours.)

To the claim of the Government that the importers should have stated in their application for permission to amend the amount which they desired to add to the market value, failing which they are not entitled to relief, it maybe said that it was importers' right to add such sum to make market value as they saw fit. What that might be was then no concern of the collector. That officer, however, denied them the opportunity to make *any* addition, apparently assuming that he had the right to be informed in advance just what amendment the importers desired to make, and the authority to deny the same if he pleased. The denial of the right to amend, of course, deprived the importers of the opportunity to do so. They could go no further; could do no more.

Importers' application to amend sufficiently complied with the foregoing customs regulation and was within the statute. The collector's denial thereof was an arbitrary exercise of an assumed authority not vested in him or in any other officer and wholly without warrant of law.

The result of the whole matter is, that importers who not only had the lawful right but the desire to amend their entry by raising the entered value have been deprived thereof, and in addition have been compelled to pay additional duties which, in the event their amended value had equaled that of the subsequently appraised value, could not have been assessed.

Because of its practical importance, we take note of the fact that on argument of this case it is said that, under the practice prevailing at the customs house in New York, importers asking leave to amend their entry have been permitted to remove the entry papers from the custody of proper customs officers, retain them for an indefinite time for the purpose of finding out, if possible, what would be the probable appraised value of the merchandise, and then amending the entered value accordingly. If this practice prevails, it may be proper to say that, so far as we can discover, it is not warranted by the statute. An importer desiring to amend his entry as provided in section 487 obviously may do so while the papers are in the custody of customs officers by adding to or making deductions from the entered value of the original entry paper or, at his option, he may file upon a separate paper his desired amendment which, if otherwise within the statute, would then be treated, so far as the entered value is concerned, as the entry in the case.

The judgment of the Board of General Appraisers is affirmed so far as relates to the first protest. So far as relates to the second protest the judgment is reversed and .the case remanded for further proceedings not inconsistent herewith.

*Affirmed* in part and *reversed* in part.