UNITED STATES *v.* GILSON BROS. (No. 3498)[1]

[1] T. D. 45753.

United States Court of Customs and Patent Appeals, May 23, 1932

*Charles D. Lawrence*, Assistant Attorney General (*Reuben Wilson* and *Thomas J. McKenna*, special attorneys, of counsel), for the United States.

*Irving I. Hartman* for appellees.

[Oral argument April 14, 1932, by Mr. McKenna; submitted on briefs by appellees]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court sustaining two protests of appellees filed against the assessment of duty upon two entries of Kraft wrapping paper, one of the entries comprising 454 rolls and the other 814 rolls of such paper. Both entries were made at the port of New York on April 28, 1924.

The assessment of duty was based upon the value of such paper returned by the appraiser, and the ground of the protests was that the appraisal by the local appraiser was void for the reason that section 499, Tariff Act of 1922, was not complied with in that the collector failed to designate, and the appraiser did not have before him, one package in ten of each of the two invoices covered by the said entries.

The pertinent part of said section 499 of the tariff act reads as follows:

SEC. 499. EXAMINATION OF MERCHANDISE.— * * * The collector shall designate the packages or quantities covered by any invoice or entry which are to be opened and examined for the purpose of appraisement or otherwise and shall order such packages or quantities to be sent to the public stores or other places for such purpose. Not less than one package of every invoice and not less than one package of every ten packages of merchandise shall be so designated unless the Secretary of the Treasury, from the character and description of the merchandise, is of the opinion that the examination of a less proportion of packages will amply protect the revenue and by special regulation permit a less number of packages to be examined. * * *

Article 271 of the Customs Regulations of 1923 reads as follows:

ART. 271. *Designation on entry how merchandise is to be examined.*—The collector will designate on the entry, permit, and invoice not less than 1 package of every invoice and not less than 1 package of every 10 packages of merchandise, unless a less number is authorized by the Secretary of the Treasury. The collector or the appraiser may require such additional packages or quantity as either of them deems necessary. If the merchandise is bulky the collector will direct examination on the wharf or other suitable place, subject to the approval of the appraiser. When merchandise is to be gauged, measured, or weighed, the collector will make such order on the entry and permit.

The reports of the collector on the two entries are identical and read as follows:

Respectfully referred to the United States Customs Court for decision.

The merchandise in question consists of Kraft paper, subject to duty at 30 per centum under paragraph 1309, act of 1922. One package containing paper identical with that delivered in the remaining cases covered by the entry was sent to the public stores where the paper was examined and appraised at a value exceeding the value declared on entry. Notice was given of the appraisement and advance in value but no appeal was filed as provided in section 501 of the present tariff.

Accordingly duty was assessed at 30 per centum on the basis of the appraised value, the additional duty accruing under the advance in value having been remitted by court order and application 4135, granted January 10, 1929. See appraiser's report dated October 5, 1927, as to the conditions governing his appraisement; also note accompanying letter from the Bureau of Customs dated November 2, 1927, #101157.

The protest was received within the statutory time.

PHILIP ELTING, *Collector.*

It is established, and the Government concedes, that the collector designated and caused to be delivered to the public stores only one package or roll from each invoice, and that only these two rolls were before the appraiser for examination.

The value returned by the appraiser was in excess of the value declared by the importers on entry. No appeal was taken by the importers to reappraisement. It appears that, upon the entry being liquidated upon the value returned by the appraiser, such value being in excess of the entered value, duties in addition to the duties levied upon the appraised value were assessed upon the merchandise pursuant to the provisions of section 489 of said Tariff Act of 1922, which additional duties were later remitted by the United States Customs Court upon application duly filed therefor.

The first question for consideration is whether, assuming that the appraisements by the local appraiser were void, appellees may secure the relief which they here seek by way of protest. The Government contends that, having failed to appeal to reappraisement from the appraisements made by the appraiser, they are estopped from here claiming that the said appraisements were void. This contention is based upon the fact that this court has, in a number of cases, held that,

under the Tariff Act of 1922, the validity of an appraisement made by a local appraiser may be raised and determined in an appeal to reappraisement. *United States* v. *Central Vermont Railway Co.*, 17 C. C. P. A. (Customs) 166, T. D. 43474; *United States* v. *Porto Rico Coal Co.*, 17 C. C. P. A. (Customs) 288, T. D. 43716, and cases cited therein.

In the case of *United States* v. *William Prym of America (Inc.)*, 17 C. C. P. A. (Customs) 180, T. D. 43475, it was decided by this court that a question similar to that involved in the case of *United States* v. *Central Vermont Railway Co., supra*, affecting the validity of the appraisement, could be determined by a protest proceeding. In the case at bar, as heretofore stated, appellees took no appeal to reappraisement and, under the authority of *United States* v. *William Prym of America (Inc.), supra*, we must hold that they had a right to raise the question of the validity of the appraisements by way of protest.

That the provisions of said section 499 are mandatory with respect to the designation of one package in ten for examination, unless the Secretary of the Treasury has promulgated a special regulation permitting a less number of packages to be examined, as provided in the statute, has been established by this court. *Carey & Skinner* v. *United States*, 16 Ct. Cust. Appls. 382, T. D. 43118; *United States* v. *Jacob P. Steffan & Sons*, 18 C. C. P. A. (Customs) 455, T. D. 44702.

In view of the record, it is clear that, unless there was in force at the time of the importations in question a special regulation promulgated by the Secretary of the Treasury permitting a less number than one in ten of the rolls of wrapping paper here in question to be sent to the public stores or other place for the purpose of appraisement, the judgment of the court below should be affirmed. Upon this point the Government contends, first, that the burden of proof was upon appellees to establish that such a special regulation was not in force; and, second, that there was in fact in force at that time a special regulation permitting such less number to be used for appraisement purposes.

Upon the first proposition, it is elementary that this court will take judicial notice of all regulations made pursuant to law and promulgated by the Secretary of the Treasury. *Caha* v. *United States*, 152 U. S. 211. If a special regulation, such as contemplated by said section 499, was in existence at the time of the importations here in question, we may take judicial notice of it, and it was therefore not necessary for the appellees to offer proof that no such special regulation was in force. Therefore, there could be no such burden upon appellees as the appellant contends for.

Upon the second proposition the record shows that upon the trial in the lower court, and before the taking of testimony closed, appel-

lant's counsel cited to the court Treasury Customs Catalogue No. 3418, C. F. C., June 2, 1914, on wrapping paper. With respect to this catalogue the lower court in its opinion said:

The attorney for the Government called attention at the time of the hearing to a publication by the Treasury Department called Customs Catalogue No. 3418, C. F. C., issued June 2, 1914, on wrapping paper. A copy of that publication has been produced for the court's examination, and we find that it nowhere claims to have been issued as an opinion of the Secretary of the Treasury that less than one package in ten will protect the revenue. It appears to be a publication issued by the collector's office at the port of New York and was printed in 1914. It therefore could not have been issued under the authority of the Tariff Act of 1922.

After entry of judgment sustaining the protests appellant made a motion for a rehearing, in which motion it set up what purports to be a letter from the Treasury Department, dated Washington, May 12, 1914, addressed to the collector of customs, New York, N. Y., reading as follows:

SIR: The department is in receipt of your letter of the 5th instant, inclosing a list of various commodities of which it is stated that it is not necessary that one package in ten shall always be designated for examination and appraisement, in many instances less than that number being sufficient to protect the revenue.

In view of your report and under the provisions of section 2939 of the Revised Statutes, you are hereby authorized, when the circumstances of the case do not require the examination of at least one package in ten, to designate for examination and appraisement such number less than one package in ten of importations consisting of any of the commodities in the list submitted as in your opinion the circumstances will justify.

Respectfully,

WM. J. MALBURN, *Assistant Secretary.*

Immediately following the contents of said letter, in the motion for rehearing the following statement is made:

A list identical with that contained in Customs Catalogue No. 3418 is attached to the original letter and the correspondence which led to the publication of this list is also attached thereto.

T. D. 39246 was also quoted in said motion for rehearing, the same reading as follows:

TREASURY DEPARTMENT, *September 21, 1922.*

*To Collectors and Other Officers of the Customs:*

All the provisions of the Customs Regulations of 1915 and all other regulations of the department now in force relative to the importation and entry of merchandise under the tariff act of October 3, 1913, and other acts, are hereby extended to the importation and entry of merchandise under the act of September 21, 1922, so far as applicable, until such time as the same may be revoked, modified, or amended by the department.

Such further regulations as are necessary will be issued promptly.

EDWARD CLIFFORD, *Assistant Secretary.*

The motion for rehearing was based upon the claim that said letter of May 12, 1914, written by the Assistant Secretary of the Treasury,

constituted a special regulation in force at the time of the importation of the goods here in question. The motion for rehearing was denied, and such denial is assigned as error by the appellant upon the appeal herein.

It appears that said letter of May 12, 1914, was based upon a statute then existing, to wit, Revised Statutes 2939, which reads as follows:

SEC. 2939. The collector of the port of New York shall not, under any circumstances, direct to be sent for examination and appraisement less than one package of every invoice, and one package at least out of every ten packages of merchandise, and a greater number should he, or the appraiser, or any assistant appraiser, deem it necessary. When the Secretary of the Treasury, however, from the character and description of the merchandise, may be of the opinion that the examination of a less proportion of packages will amply protect the revenue, he may, by special regulation, direct a less number of packages to be examined.

The Government makes the same contention here that it made, as above indicated, in the motion for rehearing.

Assuming, without deciding, that said letter of May 12, 1914, may be regarded as a special regulation, in so far as formalities are concerned, under said section 2939, Revised Statutes, we are clear that it was ineffectual to authorize the collector to designate, for the purpose of examination and appraisement, less than one package in ten of the merchandise described in each of the invoices here involved.

Said section 2939, Revised Statutes, authorizes the issuance by the Secretary of the Treasury of a special regulation permitting the designation of less than one package of merchandise in every ten for examination and appraisement only in such cases where *he* is of the opinion that the examination of a less proportion of packages will amply protect the revenue. This opinion and judgment of the Secretary, which is a prerequisite to the issuance of a special regulation, is a power that, in our opinion, could not be delegated to the collector of the port of New York.

In the case of *United States* v. *Tower & Sons*, 14 Ct. Cust. Appls. 421, T. D. 42058, there was involved the validity of an antidumping order signed by one Elmer Dover, Assistant Secretary of the Treasury. The antidumping order contained the following paragraph:

For any further description of this particular merchandise, appraising officers will communicate with the special agent in charge at New York.

The antidumping order was held invalid by this court for the reason that a part of the power conferred upon the Secretary of the Treasury by the act of Congress there in question was attempted to be delegated to a special agent of the Treasury. The court in its opinion said:

We do not think the Secretary had the authority to delegate to a special agent the right to designate the kind or class of merchandise to which the antidumping duty should apply. Congress intrusted to the Secretary the responsible duty of

designating certain imported merchandise as being subject to such duties. Since it imposed this responsible duty on the Secretary, he is without power to delegate it to a special agent. The facts here suggest the necessity for the application of the maxim *delegata potestas non potest delegari*—a delegated authority can not be redelegated. Corpus Juris, vol. 18, p. 471. This principle of law, which is ordinarily applied to the relationship of principal and agent in commercial affairs, also applies in cases like the one at bar, where the delegated power involves the exercise of discretion. Here Congress delegated to a high executive officer the responsible duties of making an investigation, determining the facts, and promulgating the same, in reference to a very important financial matter, and for him in turn to redelegate the same is a failure to comply with the mandate of the legislature. *Blair* v. *City of Waco*, 75 Fed. 800; *City of New Orleans* v. *Sanford*, 137 La. 628, 69 So. 35; *MacMillan* v. *United States*, 11 Ct. Cust. Appls. 466; *Waddell* v. *United States*, 13 Ct. Cust. Appls. 424.

The views above quoted were expressly affirmed by us in the case of *United States* v. *William Prym of America* (*Inc.*), *supra*, and are applicable in principle to the case at bar.

Applying the principle discussed in the above quotation, the question is whether said letter of May 12, 1914, was sufficient to authorize the collector at the port of New York to designate less than one package in every ten of the merchandise here in question for examination and appraisement. It does not appear that the Secretary of the Treasury, prior to the writing of said letter, had found that the examination of a less proportion of packages of kraft wrapping paper like that here in question would amply protect the revenue; upon the contrary, the fair construction of said letter is that the Secretary attempted to delegate to the collector at the port of New York the power to determine the question of whether the examination of a less proportion of packages would amply protect the revenue. The letter indicates that the collector at the port of New York had written a letter to the Secretary of the Treasury, expressing the opinion that, as to merchandise described in a list inclosed therewith, it was not necessary that one package in ten should always be designated for examination and appraisement, and that in many instances less than that number was sufficient to protect the revenue. The letter of May 12, 1914, recites these facts, and then proceeds to authorize the collector to use his own judgment as to whether the examination of less than one package in ten of importations consisting of any of the commodities in the list submitted would be sufficient to protect the revenue. This clearly is an attempted delegation of power that, under the cases cited, can not be upheld. We therefore find that the collector at the port of New York was not authorized by virtue of said letter to designate, for examination and appraisement, less than one package of every ten of the merchandise described in each of the two invoices here in question, and therefore said letter of May 12, 1914, can not be relied upon to sustain the validity of the appraisements here in question.

Inasmuch as it does not appear from the record that the two rolls of paper which were designated for examination and appraisal were separately weighed or appraised, but that the weights and value of the merchandise were returned by the appraiser in the aggregate, we can not hold that there was a valid appraisement of any of the merchandise in question. *United States* v. *Steffan & Sons, supra.*

For the reasons stated, the judgment of the lower court is *affirmed.*