BEFORE THE THIRD DIVISION, MARCH 20, 1940

**No. 43404.**—Protest 936412–G of Golding Bros. Co. Inc. (New York).

EVANS, Judge: This is an action against the United States in which the plaintiff seeks to recover money which he claims was unlawfully withheld by the collector of customs at the port of New York upon liquidation of an entry of merchandise made under a court judgment in a so-called test case in reappraisement.

After the first hearing the case was restored to the docket by the court in order that the plaintiff be given another opportunity to produce proof as to exactly what happened in the final liquidation of the entry.

The protest is as follows:

Protest is herewith made against your liquidation, decision and assessment of duties on the entry specified below.

Your liquidation is illegal, erroneous and contrary to the provisions of Section 503–(b) of the Tariff Act of 1930 in that you did not liquidate said entry pursuant to the provisions of Section 503–(b) of the Tariff Act of 1930.

Your liquidation and decision on the basis of the amended entered values and holding that the last amendments made to said entries were not made under duress is illegal and erroneous inasmuch as said entry was made pursuant to the provisions of Section 503 of the Tariff Act of 1930, the importer certifying at the time of entry that the entry at values higher than the values defined by law was because of advances by the Appraiser in similar cases then pending on appeal to reappraisement or re-reappraisement and certifying further to the test case or cases pending.

You have failed to liquidate the entry pursuant to the provisions of Section 503–(b) in that you did not liquidate the entry in accordance with the final appraisements as found by the United States Customs Court. The entry should have been liquidated in accordance with the final appraisements as found by the United States Customs Court.

It is alternatively claimed that due allowance should be made in the liquidations for the additions made under duress as appear on the entry and upon the amended entries and as appearing on the certificates filed in accordance with Section 503–(b).

It is further claimed that your liquidation is not in accordance with Article 823 of the Customs Regulations of 1931 as amended by T. D. 48454 in that the requirements of the statute have been met as to said duress entries and that the liquidation is not on the basis of final appraisements resulting from the appeals taken from the original appraisements therein.

It is further claimed that the requirements of the provisions of Section 503–(b) have been fully met with in that the importer cited similar cases then pending on appeal as provided for in said Section 503–(b). That certificates required under the provisions of Section 503–(b) were filed with the entry which certificates noted the test case pending. That the importer had duly indicated his intention to add, pending the decision of the test cases cited in the entry, amended entries, and/or in the so called certificates of duress filed at the time of entry.

On October 5, 1939, this court made an order wherein the facts were carefully reviewed and the court reached the conclusion that it was unable to definitely determine from the record as to whether the Government had liquidated on the basis of 13 cases or upon the basis of 16 cases of merchandise and restored the case to the docket. When the case was called after having been restored to the docket the only action taken was that counsel for the respective parties entered into the following stipulation:

* * * that in the liquidation of September 29, 1937, the collector had made a full and proper allowance for the cases that were extracted from this particular entry and that the court's understanding of the facts pertaining to the calculations embodied in the liquidation are as set forth in the Court's order or opinion, dated October 5, 1939.

The question remains yet to be determined whether or not the amended entry herein constitutes an entry under duress. The original entry clearly met the requirements of, and was a proper duress entry. It is noted on the work sheet attached to the consular invoice that certain cases only, of the total number entered, were advanced to meet the appraised value in the test case cited in the duress certificate. The unit advance in each case noted is specified and the total amount added to the invoice to meet the appraiser's advances amounted to $284.52. The amended entry carries the same notation as to the pending similar case that is embodied in the printed duress certificate and the same notation that is stated at the head of the work sheet attached to and a part of the consular invoice in evidence. On the reverse side of the summary sheet, apparently made at the same time that the notation was made on the amended entry, is a duplication of the last-mentioned information. Attached to and a part of the amended invoice is a work sheet which shows that the importer made an advance of 2½ percent above the invoice value on account of tax. He thereafter made an advance of 20 percent on the total value of the merchandise in case 6234, 14 percent on case 6235, and 28 percent on cases 6239/49, inclusive. On making his amended entry he made the same advances to make market value that he had made on the original entry, that is to say, 20 percent. To the value thus obtained he added the original amount added under duress, to wit, $284.52, and thereafter he deducted an item of $86.88 to make market value. This method of calculating the amount of his entry would not, we believe, be objectionable if the percentage advances on the amended invoices (white sheet) coincided with the unit advances (yellow sheet) on the consular invoice, but they do not so coincide. Cases 6234/39, inclusive, were not duressed. When the values in these last-enumerated cases were amended, case 6234 was advanced 27 percent and case 6235 was advanced 14 percent. These are the identical advances made on reappraisement (107458–A) to make market value and upon which no change was made on appeal to reappraisement. The value of the merchandise in case 6236 under said reappraisement 107458–A was advanced 40 percent on entry, whereas on the white paper it is advanced by 28 percent. However case 6236 was withdrawn from entry 703596 and should not have been included in the decision in said reappraisement 107458–A. Furthermore, in cases 6244, 6245, and 6249 the percentage of increase on the amended consular invoice (white work sheet) does not coincide with the unit advance on the work sheet (yellow) attached to the original invoice. But in cases 6240/43 and 6246/8 the percentage of advance on the amended invoice coincides with the unit advance on said yellow work sheet attached to the original invoice. The importer is in no position to claim that as to cases 6244, 6245, and 6249 he made advances to meet additions by the appraiser in the test case.

The importer, therefore, was in error on his amended entry in claiming the advance to meet the appraiser's action in the test case was identical in amount in the original and the amended entry, because the unit entered value did not correspond item for item in both cases. He cannot blow hot and cold. Either he must make advances to meet the appraiser's action in the test case, or he has not entered under duress within the meaning of the statute.

If we assume that the amended entry carries sufficient data to identify the importer's claim of duress, as stated in his duress certificate made with the original entry, can it be claimed that he is entitled to reliquidation on the basis that he has duressed all of the items covered by his amendment? It would seem that the most that can be claimed is that the items enumerated on the yellow work sheet might be claimed to have been entered under duress under the amended entry, but even as to those items the importer has duressed an incorrect amount.

In the *Ono Trading Co.* case, 23 C. C. P. A. (Customs) 124, T. D. 47991, the court held that there was no authority in the statute for the amendment of a duress certificate. Quaere: Can an importer, by filing an amended entry, amend his duress certificate? In the instant case, assuming that the white work sheet was intended to give the information supplied under the yellow work sheet, the amounts on the white work sheet have been changed, that is, the duress amounts have been amended also.

Assume that the notation on the original entry

102626 Jean Jadot
2/8/32 A 0371

had stood alone, that is, without the attached duress certificate, it could scarcely be said that under the decisions of this court that would be sufficient information to give the collector in order to constitute a duress entry. That data is the only data carried forward to the amended entry which relates to the pending test case. In making his original entry the importer did not think the data sufficient, because he appended in connection with it a rubber stamp as follows:

Importer adds to meet appraisers advance in similar cases.

At the hearing the person who made out the entry testified that he overlooked placing the rubber-stamp notation on the amended entry; that he intended the amendment should be made under duress. However his intention could have little weight in view of the fact that the protest contains no claim of clerical error.

It is our opinion that when the importer made entirely new advances to make market value as well as different duress amounts and failed to note on his amendment that any of the actions were done under duress as the statute and regulations require, he did not make an amended entry under duress.

For the reasons set forth plaintiff's claim should be and the same hereby is overruled.

Judgment will be rendered accordingly. It is so ordered.