(C. D. 420)

Frazar & Co. *v.* United States

United States Customs Court, Third Division

(Decided January 16, 1941)

*Strauss & Hedges* (*J. Bradley Colburn* of counsel) for the plaintiffs.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Joseph F. Donohue*, special attorney), for the defendant.

Before Cline and Walker, Judges

Cline, Judge: In these two suits against the United States, the plaintiffs protest against the action of the collector of customs in

refusing to permit the importers to amend the entries. At the trial counsel for the defendant moved to dismiss the cases on the ground that the protests "do not state a cause of action under section 514" of the Tariff Act of 1930, citing *United States* v. *Astra Bentwood Furniture Co.*, 28 C. C. P. A. 205, C. A. D. 147. Protest 957544-G reads as follows:

Notice of dissatisfaction is hereby given with, and protest is hereby made against, your decision (including the legality of all orders and findings entering into the same) as to the rate and amount of duties chargeable and as to all exactions of whatever character, and refusing to permit the amendment of entry, on the entries below named. The reasons for objections are as follows:

You have denied the application of the importers for permission to amend the entry and have refused to receive the amended entry. Your action is contrary to Section 487 of the Tariff Act of 1930. Note T. D. 49419 and cases therein cited. At the time the importers made application to amend the entry and filed the amended entry neither the invoice nor the merchandise had come under the observation of the Appraiser for the purpose of appraisement. On February 8, 1938, you refused to receive the amended entry. A copy of your letter is attached hereto and made a part hereof.

The offer is hereby made to furnish evidence to the United States Customs Court, upon reasonable notice from them, of the facts involved, and in support of the contentions, herein.

Following the above statements appear the entry number as "208 H," the name of the vessel as "Shohei Maru," the date of entry of "Aug. 19/37," and the date of the refusal of the amendment as "Feb. 8/38."

Protest 961032-G contains substantially the same language but it refers to a different entry number, a different date of entry, a different vessel, and a different date of refusal by the collector.

The question of a collector's refusal to permit an amendment of an entry has been considered a proper subject of protest under the last three tariff acts. *MacMillan Co.* v. *United States*, 11 Ct. Cust. Appls. 466, T. D. 39536; *Whitvelour, Inc.* v. *United States*, 73 Treas. Dec. 329, T. D. 49419; *Sabine Transportation Co.* v. *United States*, 3 Cust. Ct. 286, C. D. 256. It is well settled, therefore, that these protests should not be dismissed on the ground stated by counsel for the defendant, that is, that they "do not state a cause of action under section 514." The decision in *United States* v. *Astra Bentwood Furniture Co.*, *supra*, covers an entirely different subject. In that case the importer protested against the refusal of the collector to post a liquidation in the customhouse so that the importer might have an opportunity of filing a protest against the liquidation. It appears that on the day the entry was liquidated the collector posted an erroneous notice in the customhouse, giving improper data, so that the importer did not recognize the posting as a notice of liquidation of his entry. The court held that the refusal to post a notice of liquidation was not a decision "as to the rate and amount of duties

chargeable" against the merchandise covered by the entry, within the purview of section 514.

There is another defect in the protests, however, which is more serious, and that is, they were not filed within the statutory time. It appears from an examination of the protests that they were filed within 60 days after the collector's refusal to permit amendment of the entries but not within 60 days after liquidation. That particular defect was passed upon in *Waddell* v. *United States*, 13 Ct. Cust. Appls. 424, T. D. 41342, and the court held that such a protest was not filed within the proper time. The court said:

As has been pointed out repeatedly in the decisions of the board, section 514 of the Tariff Act of 1922 embodies a number of changes from its predecessor, Paragraph N of section 3 of the act of 1913. A careful study of the paragraph together with its predecessor strengthens the conclusion that Congress could not have intended, by section 514, *supra*, the creation of a multiplicity of actions by permitting the importer to protest and try out questions before liquidation which might well be tried out later in protesting the liquidation. We can readily understand why some actions of the collector may be protested before liquidation, because unless the protest would be overruled there would be no liquidation. Such would be the case where the collector refused entry.

The action of the collector, in the case at bar, in refusing to permit amendment involved a decision as to the rate and amount of duties chargeable, which could have been raised properly by protest within 60 days after liquidation, and, therefore, the protest filed before liquidation should have been dismissed, and the judgment of the Board of General Appraisers is *affirmed*. [Italics quoted.]

In harmony with the decision in *Waddell* v. *United States, supra*, the protests in this case are dismissed. Judgment will be entered accordingly.