(C. D. 1130)

W. T. GRANT Co. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided September 29, 1948)

*Sharretts & Hillis* (*Edward P. Sharretts* and *Joseph Schwartz* of counsel) for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*Dorothy C. Bennett* and *Arthur R. Martoccia*, special attorneys), for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges

EKWALL, Judge: This is a protest filed against the action of the collector of customs at the port of San Francisco, Calif., in assessing duty upon an entry of glass Christmas tree ornaments upon the basis of a value higher than that found by this court on reappraise-

ment. Plaintiff claims that the value found in *Woolworth* v. *United States*, 7 Cust. Ct. 398, Reap. Dec. 5366, is the proper dutiable value. The collector in liquidation used as a basis of value the importer's amended entered value.

The importer, the plaintiff herein, filed a consumption entry under date of September 28, 1939. Two months later an amended entry was filed in which a higher value was given for the merchandise and estimated duties were paid on the basis of this amended entry on November 28, 1939. The plaintiff, evidently in attempted compliance with section 503 (b) of the Tariff Act of 1930, noted on said amended entry that the addition was made under "duress" and cited New York reappraisement 114294–A as a similar case then pending on reappraisement. The amended entry contains a statement that neither the invoice nor the merchandise had come under the observation of the appraiser at the time the amendment was filed.

We gather from the statements in the briefs filed that the collector's action in assessing duty upon the value set forth in the amendment to the entry was due to his belief that the so-called duress entry was insufficient under the statute and he therefore treated the attempted addition under duress as a voluntary addition to make market value, and assessed duty on that basis.

Under the provisions of section 503 (a) and (b) of the Tariff Act of 1930, the collector must assess duty on merchandise subject to ad valorem duties—as were these glass Christmas tree ornaments—on the basis of the entered value or the final appraised value, whichever is higher. To this rule there are but two exceptions. The first exception relates to goods in manipulating warehouses, and is not here involved. The only remaining exception relates to instances where an importer certified "at the time of entry" that his entered value is higher than the statutory dutiable value and that he has so entered "because of advances by the appraiser in similar cases then pending on appeal for reappraisement or re-reappraisement." In instances falling within the last-named exception, the collector is authorized to liquidate on the basis of the final appraised value, if the importer's contention in the cited pending case is sustained wholly or in part.

Counsel for the plaintiff does not contend in the brief filed that the amended entry was made under duress. In fact, he states "* * * no duress certificate appears to have been filed." His position is stated as follows:

* * * If this addition was not sufficient to constitute an addition under duress, it was a complete nullity and furnishes no basis for a finding of an entered value higher than the final appraised value. * * * Since the addition is a nullity, the entered value is that declared upon the original entry, which is the same as the final appraised value.

The Government takes the position that the amended entered value must govern because the importer failed to comply with the provisions of said section 503 (b). In the brief filed, counsel for the Government contends that the amended entry is valid under the provisions of section 487 of the Tariff Act of 1930 and, therefore, that the value declared therein is binding.

Said section 487 provides as follows:

SEC. 487. VALUE IN ENTRY—AMENDMENT.

The consignee or his agent may, under such regulations as the Secretary of the Treasury may prescribe, at the time entry is made, or at any time before the invoice or the merchandise has come under the observation of the appraiser for the purpose of appraisement, make in the entry such additions to or deductions from the cost or value given in the invoice as, in his opinion, may raise or lower the same to the value of such merchandise.

It has been held repeatedly that this section and corresponding provisions in earlier tariff acts grant to importers an absolute right to file amendments to their entered values under the conditions therein prescribed; that it is mandatory upon the collector to accept such amended entries if timely and accompanied by a deposit of estimated duties called for therein; and that a protest against the collector's refusal so to do will be sustained by the U. S. Customs Court. *MacMillan Co.* v. *United States,* 11 Ct. Cust. Appls. 466, T. D. 39536; *Waddell* v. *United States,* 13 Ct. Cust. Appls. 424, T. D. 41342; *Hopkins* v. *United States,* 14 Ct. Cust. Appls. 29, T. D. 41545; *United States* v. *Sheldon,* 23 C. C. P. A. (Customs) 245, T. D. 48108; *Pritchard* v. *United States,* 30 Treas. Dec. 1175, T. D. 36540, G. A. 7930; *Cox & Schreiber* v. *United States,* 45 Treas. Dec. 381, T. D. 40086, G. A. 8766; *McEwen Halliburton Co.* v. *United States,* 56 Treas. Dec. 433, T. D. 43665.

The instant amended entry is untimely if considered as a duress entry in that it was not filed "at the time of entry." (See *MacMillan Co.* v. *United States, supra.*) However, the importer has an absolute right to amend his entry as to valuation at any time before the invoice and merchandise have come under the observation of the appraiser, as held in the above-cited cases. In the *Sheldon* case, *supra,* the court held that a timely amended entry was not completed until the estimated duties are deposited. The court in this connection stated:

The appellate division held and the appellee contends that, there being no payment of the estimated additional duties, there were, in fact, no amended entries, and that the matter must be considered as if there had been no attempted amendments.

We believe the appellate division was not in error in coming to this conclusion. The practice in the entering of goods at a port of the United States, a practice well known to importer and to Government officials, is for the importer to deposit the amount of his estimated duties with the collector at the time of entry. It has long been so provided by regulations of the Treasury Department, which

have the force and effect of law. The pertinent regulations at the time of these entries were articles 278 to 281, inclusive, Customs Regulations of 1923, pp. 180–181. See, also, *United States* v. *Sherman & Sons Co.*, 237 U. S. 146–152.

Certainly, no power was given to the collector by law to waive any of these regulations. As stated by the trial court, to permit a collector to allow amendments to entries to be made upon a credit basis would lead to endless abuses and frauds against the customs. The amended entry was no different in effect than an original entry, and it was not complete until a deposit had been made of the estimated duties due thereon. The case must, therefore, be considered as if the attempted amendments had not been made.

In the case before us the amended entry was insufficient as a duress entry for the reason, among others, that it was untimely, not having been filed at the time of entry. However, said amended entry was completed and valid upon payment of the increased estimated duties thereon. The record shows that such estimated duties were paid on November 28, 1939, the date of filing of the amendment. Inasmuch as the importer failed to certify "at the time of entry" that the entered value was higher than the correct dutiable value and the merchandise was so entered "because of advances made by the appraiser in similar cases then pending on appeal for reappraisement or re-reappraisement," the collector was required to liquidate on the .basis of the entered value. Such entered value is the amended entered value set forth in the amended entry.

In *Sabine* v. *United States*, 3 Cust. Ct. 286, C. D. 256, the importer did not file a duress certificate with the original entry, but attempted to file such certificate with an amended entry. The collector, there, as here, permitted the amended entry to be filed, but rejected the duress certificate on the ground that section 503, *supra*, required it to be filed "at the time of entry." This action on the part of the collector was sustained by the court, which held that duress certificates may be filed only with the original entry. The court, in distinguishing the case of *Yamada* v. *United States*, 26 C. C. P. A. (Customs) 89, T. D. 49628, stated:

* * * However, the situation is different in the instant case, because here no duress certificate was filed with the original entry, but approximately 3 months after entry, by the means of making an amended entry, the importer sought to accomplish what he might have accomplished on entry, that is he might have filed a duress certificate. So we have here no case of amending a certificate already filed. There was no indication at the time of the original entry that there was a pending case in the nature of a test case on reappraisement.

This language is directly applicable to the facts in the case at bar. Here, as there, by means of an amended entry, the importer sought to accomplish what it might have accomplished on entry. We know of no authority in law for applying a different rule with respect to amended entries than that applied to original entries. The language of the court in the *Ono Trading Co.* v. *United States*, 23 C. C. P. A. (Customs) 124, T. D. 47991, is pertinent here. There, the importer

filed an insufficient certificate "at the time of entry" and thereafter attempted to file an amended certificate. In upholding the collector's refusal to accept the amended certificate on the ground that no statutory authority existed for filing so-called duress certificates subsequent to the "time of entry," the court said:

It is strenuously contended that the collector should have liquidated the entries on the basis of the judgment of Presiding Judge Tilson, when sitting in reappraisement. Stress is placed upon the finding of the presiding judge that the "proper dutiable values" of the merchandise were as claimed by the importer, and did not include the Japanese tax. It is contended that the dutiable value was then fixed and that the collector must follow it.

Judge Tilson followed the statute in finding value as provided by section 503 of the Tariff Act of 1922, but it is clear that his judgment did not relieve the collector from performing the duty incumbent upon him under said section 489. Said section 489 provides that "duties shall not be assessed upon an amount less than the entered value", unless the required certificate shall be filed at the time of entry, and the importer's contentions shall be sustained in similar test cases. Not having filed such certificate, the decision of the single judge in reappraisement in this case becomes immaterial, so long as the entered value is greater than the final appraised value in the case.

Under the above ruling it is clear that failure to file a duress certificate with the entry does not invalidate the entry, but merely deprives the importer of certain additional benefits that would have accrued had the entry been accompanied by such a certificate. No authority has been found for applying a different rule with respect to amended entries, nor has the plaintiff cited authorities in support of its contention that the amended entry must be held invalid in its entirety.

We therefore hold that the entered value herein is the value declared on the amended entry. That value being greater than the final appraised value (Reap. Dec. 5366), under the above-quoted rule the final appraised value herein is immaterial and the collector acted within the law in assessing duty on the basis of the amended entered value of the merchandise.

Plaintiff's claims, therefore, are overruled.