(C. D. 1243)

ALLIED FRENCH FURS, INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided May 11, 1950)

*Lane, Young & Fox* (*William H. Fox* of counsel) for the plaintiff.
*David N. Edelstein,* Assistant Attorney General (*Dorothy C. Bennett,* special attorney), for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges

EKWALL, Judge: These two cases, which have been consolidated, involve four entries of dressed kidskins imported from England during February, April, and May 1944. In connection with each shipment an original entry and a timely amended entry were filed. Each of the entries was the subject of a reappraisement proceeding in which the Customs Court held that an item of British purchase tax, amounting to 100 per centum of the invoice price of the goods, constitutes no part of the dutiable value. The judgment directed liquidation on the basis of the final appraised values, less the additions made under duress. The collector of customs in liquidation based the ad valorem duty upon the amended entered value, which included the 100 per centum British purchase tax, for the reason, as he reports in his letter of transmittal in evidence, that the amendment did not indicate an intention to enter under duress. Plaintiff contends that the entries should have been liquidated on the basis of the appraised values, less the additions made under duress under the provisions of section 503 (b) of the Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1503 (b)).

The original entries were duress entries filed under authority of said section 503 (b), in which the importer made additions to meet advances by the appraiser in similar cases pending on appeal to reappraisement. Subsequently, but before either the merchandise or the invoices had come under the observation of the appraiser for purposes of appraisement, the customs broker who made the entries discovered that on the original entries the nondutiable charges had inadvertently been deducted, and in order to add those charges back as part of the dutiable value he amended the entries. He testified that in so doing he had no intention of abandoning the duress conditions under which the original entries had been made; that he relied on the duress certificates originally filed. In other words, he considered that he was amending a duress entry.

Under these circumstances, plaintiff contends that, having filed one duress certificate, it was not required to file a second certificate in connection with the amendment, especially as the amendments were filed for the sole purpose of adding back the nondutiable charges which inadvertently had been deducted at the time of entry under the belief that they were included in the invoice value of the goods.

Section 503, *supra*, is in the following language:

SEC. 503. DUTIABLE VALUE.

(a) GENERAL RULE.—Except as provided in section 562 of this Act (relating to withdrawal from manipulating warehouses) and in subdivision (b) of this section, the basis for the assessment of duties on imported merchandise subject to ad valorem rates of duty shall be the entered value or the final appraised value. whichever is higher.

(b) ENTRIES PENDING REAPPRAISEMENT.—If the importer certifies at the time of entry that he has entered the merchandise at a value higher than the value as defined in this Act because of advances by the appraiser in similar cases then pending on appeal for reappraisement or re-reappraisement, and if the importer's contention in such pending cases shall subsequently be sustained, wholly or in part, by a final decision on reappraisement or re-reappraisement, and if it shall appear that such action of the importer on entry was taken in good faith, the collector shall liquidate the entry in accordance with the final appraisement.

It is contended on behalf of the Government that the amended entry fails to incorporate the duress certificate and thus makes a voluntary addition for market value.

The law is well settled that under section 487 of the Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1487) an importer is given an absolute right to amend his entered value within the time limits therein prescribed and that the value declared in such amendment becomes the entered value for dutiable purposes. See *MacMillan Co.* v. *United States*, 11 Ct. Cust. Appls. 466, T. D. 39536; *Waddell* v. *United States*, 13 Ct. Cust. Appls. 424, T. D. 41342; *Hopkins* v. *United States*, 14 Ct. Cust. Appls. 29, T. D. 41545; *United States* v. *Sheldon*, 23 C. C. P. A. (Customs) 245, T. D. 48108; *Pritchard* v. *United States*,

30 Treas. Dec. 1175, T. D. 36540, G. A. 7930; *Cox & Schreiber* v. *United States*, 45 Treas. Dec. 381, T. D. 40086, G. A. 8766; *McEwen Halliburton Co.* v. *United States*, 56 Treas. Dec. 433, T. D. 43665; *H. W. Robinson & Co. et al.* v. *United States*, Abstract 8395; *American Novelty Co.* v. *United States*, Abstract 8685; and *W. T. Grant Co.* v. *United States*, 21 Cust. Ct. 72, C. D. 1130.

Under these authorities, the entered values, for tariff purposes, are the values declared in the amended entries. The question for determination is whether these amendments were made under duress.

The collector cites as authority for his action the cases of *Strauss-Eckardt Co., Inc.* v. *United States*, 20 Cust. Ct. 189, C. D. 1108, and *Golding Bros. Co., Inc.* v. *United States*, 4 Cust. Ct. 426, Abstract 43404. In the first cited case, the court found that the duress certificate was insufficient, and the entered value being higher than the final appraised value, the action of the collector in liquidating upon the entered value was upheld. That case cannot be considered as controlling in the instant case in which there is no question of the sufficiency of the duress certificate, the issue being the right of the importer to amend its duress entry. The *Golding* case, *supra*, is more nearly in line with the instant case. There, as here, the original entry was a proper duress entry, but the court, after setting out in detail the various figures and calculations appearing on the official papers, came to the conclusion that the importer was in error when, in making the amended entry, it claimed that the advance to meet the appraiser's action in the test case was identical in amount in the original and the amended entry, although the unit entered value did not correspond item for item in both cases. The court cited the case of *Ono Trading Co.* v. *United States*, 23 C. C. P. A. (Customs) 124, T. D. 47991, in which it was held that there is no authority in the statute for the amendment of a duress certificate, and considered the question of whether an importer, by filing an amended entry, may amend his duress certificate. In deciding that question the court said:

At the hearing the person who made out the entry testified that he overlooked placing the rubber-stamp notation on the amended entry; that he intended the amendment should be made under duress. However his intention could have little weight in view of the fact that the protest contains no claim of clerical error.

It is our opinion that when the importer made entirely new advances to make market value as well as different duress amounts and failed to note on his amendment that any of the actions were done under duress as the statute and regulations require, he did not make an amended entry under duress.

We do not understand this decision to hold that an importer may not amend his duress certificate by filing an amended entry. As we read the decision its purport is that due to the finding of the court that the importer made entirely new advances as well as different duress amounts and failed to note that any of the changes in the value

were made under duress, his amended entry was not made under duress. We think the instant case is distinguishable in that here the amounts added in the amendment were solely the nondutiable charges which had been erroneously deducted, and the 100 per centum British purchase tax, involved in the test case, was not changed.

Plaintiff contends that as the statute requires the filing of a duress certificate "at the time of entry" it is illogical to hold that an amendment to a duress entry must state that it is made under duress. We agree with this contention. Under the wording of the statute (section 503 (b), *supra*), a second duress certificate filed subsequent to the time of entry could not be legally accepted either by the collector or the court. Therefore, it follows, that in amending a duress entry an importer need not state that such amendment is made under duress. To do so would be surplusage. This seems to have been the opinion of the Treasury Department, for in T. D. 51710 (4), 82 Treas. Dec. 165, at p. 167, under date of July 1, 1947, we find the following:

(4) *Duress entries—Additional duties.*—Section 503 (b), Tariff Act of 1930, does not preclude the amendment of entries, duress or otherwise, under section 487 of the act, at any time before the invoice or the merchandise has come under the observation of the appraiser for the purpose of appraisement. The duress entered value may be changed in connection with such amendment and such change will not affect the status of the entry as a duress entry. * * *

For the reason that we consider the instant case distinguishable from the *Golding* case and the *Strauss-Eckardt Co.* case, *supra*, we find and so hold that the amendments here made to the original duress entries were legal and proper and that the collector in liquidation should have followed the mandate of the court in Reap. Dec. 6993, and liquidated upon the basis of the final appraised values as found by the court in said case.

Judgment will therefore be rendered for the plaintiff.