**CALDWELL COUNTY, Texas, et al., Appellants,**

v.

**CITIZENS STATE BANK OF LULING, Texas, Appellee.**

No. 13988.

Court of Appeals of Texas, Austin.

June 13, 1984.

Rehearing Denied Sept. 19, 1984.

John W. Stayton, Jr., McGinnis, Lochridge & Kilgore, Austin, for appellants.

Douglass D. Hearne, Richard L. Crozier, Hearne, Knolle, Lewallen, Livingston & Holcomb, Austin, for appellee.

Before PHILLIPS, C.J., and POWERS and BRADY, JJ.

BRADY, Justice.

Caldwell County appeals an adverse judgment awarding Citizens State Bank of Luling (Citizens) $56,220.92 in damages for an alleged breach of a depository contract between it and the Bank.

In 1973, the Caldwell County Commissioners Court published notice to Citizens and other eligible banks that it was accepting applications from banks for appointment as the county's official depository. Citizens submitted an application, the terms of which were subsequently accepted by the Commissioners Court, which formally qualified appellee to be the county depository by executing the required statutory pledge contract for the years 1973–75. Citizens was also appointed county depository for the years 1975–77. However, two days after Citizens was first formally appointed county depository, the Commissioners Court entered into a second contract with the First Lockhart National Bank for the deposit of county funds. This contract was specifically made by the county on behalf of the Tax Collector, District Clerk, County Clerk, and Justice of the Peace. It was not until December, 1976 that Citizens became aware that the Commissioners Court had made a contract with its competitor, the Lockhart bank. Citizens' officers confronted the County Commissioners and demanded that all county funds be deposited in it. This was done, but by the time county funds reached appellee bank, time had virtually run out on its contract for the second biennium 1975–77. Citizens refused to apply for a third term as county depository and in March of 1978 formally demanded damages from the county in the sum of $86,000.00. This demand was rejected and suit was filed in April of 1978.

At trial Citizens recovered damages in the sum of $56,220.92. Appellant Caldwell County argues nine points of error. Because of our disposition of this appeal, however, we need only consider appellants' first point of error, that the county did not breach the contracts and did not violate any statute.

Texas Rev.Civ.Stat.Ann. arts. 2544–48a (1965 & Supp.1984), creating and regulating county depositories, place the obligation of depositing county funds on the officers who receive them and have the responsibility for their custody, *i.e.* the County Treasurer, the Tax Assessor-Collector, the District Clerk, and the County Clerk. Article 2549 provides as follows:

[I]t shall be the duty of the county treasurer of said county immediately upon the making of such order [designating the depository], to transfer to said depository all the funds belonging to said county, as well as all funds belonging to any district or other municipal subdivision thereof not selecting its own depository, and immediately upon receipt of any money thereafter, to deposit the same with said depository to the credit of said county, district and municipalities. It shall also be the duty of the tax collector of such county to deposit all taxes collected by him, or under his authority, for the State and such county and its various districts and other municipal subdivisions, in such depository or depositories, as soon as collected, pending the preparation of his report of such collection and settlement thereon. The bond of such county depository or depositories shall stand as security for all such funds. Upon such funds being deposited as herein required, the tax collector and sureties on his bond, shall thereafter be relieved of responsibility of its safekeeping.

\* \* \* \* \* \*

All money collected or held by any district, county or precinct officer in such county, or the officers of any defined district or subdivision in such county, including the funds of any municipal or quasi-municipal subdivision or corporation which has the power to select its own depository, but has not done so, shall be governed by this law, and shall be deposited in accordance with its requirements, and shall be considered in fixing the bond of such depository, and shall be protected by such bond....

These statutes contain no language directing the Commissioners Court or other county officers to deposit funds, except those officers specifically cited by the statute. The duty of the county and its Commissioners Court is limited to the designation of the county depository and, even assuming there is any breach of duty and liability here, it would be the duty of the designated county elected officials specifically set out in the statute.

Suit was originally brought against those county officials, but appellee, for reasons not in the record, voluntarily dismissed and non-suited its cause of action against them.

■ The constitution and statutes of Texas do not impose any duty on the County Commissioners Court to supervise or control the Tax Assessor-Collector, the District Clerk, or the County Clerk in connection with their duties concerning deposit of public funds other than designating the depository. These elected officials are not the agents or servants of the County Commissioners Court.

■ Appellee argues that since neither the County Clerk, District Clerk, nor the county Tax Assessor-Collector were "privy" to the contract of the commissioners court with appellee bank, these officers cannot be liable for any breach of the contract here. For these reasons, we hold that appellee has asserted no cause of action for damages against Caldwell County, and the issues of sovereign tort immunity, limitations, and improper submission of issues to the jury, need not be considered on this appeal.

We therefore reverse the judgment of the trial court, and render judgment that Citizens take nothing by its suit.

PHILLIPS, C.J., not participating.