

# THE ATTORNEY GENERAL
## OF TEXAS

July 26, 1989

JIM MATTOX
ATTORNEY GENERAL

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas 77002

Opinion No. JM-1074

Re: Whether the establishment of a separate payroll department by a commissioners court impermissibly infringes on duties assigned to the county treasurer (RQ-1541)

Dear Mr. Driscoll:

You inform us that following the issuance of Attorney General Opinion JM-911 (1988), the commissioners court of Harris County removed payroll processing functions from the office of the county auditor and placed them in a newly created county payroll department. The county treasurer has expressed concern about the actions of the commissioners court and has asked for a clarification of Attorney General Opinion JM-911 with particular reference to the following issues:

> (1) Does the establishment of a separate payroll department by the County Commissioners Court impermissibly usurp the statutory authority of the County Treasurer?

> (2) Where Harris County officers authorize payment of employee salaries should the preparation and disbursal of the checks be performed by the County Treasurer?

Attorney General Opinion JM-911 reached the following conclusions:

> (1) In Harris County and counties with populations greater than 190,000, county officers are authorized to issue warrants against the salary fund of the county to pay salaries and draw checks on the county treasurer to pay salaries. Local Gov't Code §§ 113.047, 154.043.

> (2) In Harris County and counties with populations greater than 500,000, county officers and department heads are required to prepare and file a sworn payroll for certain employees in their respective offices or departments. Local Gov't Code § 151.903.

> (3) The ministerial aspects of these duties may be delegated to the county treasurer.

> (4) The county auditor is not authorized to perform these duties.

Your questions require consideration of two things. First, we must examine the powers of the commissioners court to ascertain its authority to create a payroll department for all county offices and departments. Second, we must determine whether the duties granted the department interfere with or usurp the duties of the county treasurer.

As the remainder of this opinion will explain, we believe the commissioners court has no independent authority to establish a payroll department for all county offices. Because you have supplied us with no details concerning the operation of the payroll department, we are unable to answer whether its operations usurp the powers of the county treasurer. However, information provided by the treasurer's office suggests that the payroll department will perform duties that are expressly delegated both to county officers generally and to the county treasurer specifically. Finally, if county officers in Harris County choose to delegate their authority to prepare salary warrants and paychecks to another office, they are not required to delegate such duties to the office of the county treasurer. The county treasurer, however, is the official responsible for delivering paychecks to county officers and employees.

There are few rules more firmly established in the jurisprudence of this state than those governing the powers of the county commissioners court. The familiar and fundamental maxim that guides the courts is that the commissioners court may exercise only those powers that are expressly conferred by the constitution and laws of this state or are necessarily implied from such express powers. See Tex. Const. art. V, § 18(b); see also Canales v. Laughlin, 214 S.W.2d 451 (Tex. 1948); Anderson v. Wood, 152 S.W.2d 1084 (Tex. 1941). Constitutional or statutory provisions conferring authority upon the commissioners court should be broadly and liberally construed to determine the

scope of the express or necessarily implied power. <u>Cosby v. County Commissioners of Randall County</u>, 712 S.W.2d 246 (Tex. App. - Amarillo 1986, writ ref'd n.r.e.). Where a right is conferred or a duty imposed, the commissioners court is given broad discretion to accomplish the purposes intended. Attorney General Opinion JM-350 (1985) (citing <u>Anderson v. Wood, supra</u>).

As you observe in your brief, the implied powers of the commissioners court must necessarily flow from some express grant of authority. Where the actions of the commissioners court can be aligned with specific statutory authority, the courts allow the commissioners substantial latitude in achieving the statutory objective. <u>See, e.g., Cosby v. County Commissioners of Randall County, supra</u> (commissioners court had implied authority under former V.T.C.S. articles 1603 and 2351(7) to demolish and replace existing former courthouse); <u>Schope v. State</u>, 647 S.W.2d 675 (Tex. App. - Houston [14th Dist.] 1982, pet. ref'd) (authority under former V.T.C.S. article 2372w to adopt order requiring all sexually oriented businesses to obtain permit from county sheriff). However, where the power sought to be exercised has no legal basis, the commissioners court has no implied authority to act. <u>See, e.g., Canales v. Laughlin, supra</u> (commissioners court had no power to appoint a "county road unit administrative officer" since no statute authorized the creation of such an office); <u>Starr County v. Guerra</u>, 297 S.W.2d 379 (Tex. Civ. App. - San Antonio 1956, no writ) (employment of county commissioner as road commissioner contrary to commissioner's oath of office and former V.T.C.S. articles 6737 and 6762).

You acknowledge the absence of express statutory provisions granting the commissioners court the power to create a county payroll department, yet you contend such authority may be implied from section 115.021 of the Local Government Code. Section 115.021 directs that the commissioners court shall "audit and settle all accounts against the county and shall direct the payment of those accounts." Attorney General Opinion JM-192 (1984) concluded that commissioners court approval of salaries was required by the statutory predecessor of section 115.021 before salary warrants could be issued. <u>See also</u> Attorney General Opinion JM-986 (1988). You conclude that the commissioners court has implied authority to establish a payroll department to the extent one is necessary for the approval of claims.

The power of the commissioners court to establish agencies to assist the court is also subject to familiar and well-established rules. The commissioners court has implied

authority to employ experts to provide services that are necessary to the performance of its official duties. <u>Pritchard & Abbott v. McKenna</u>, 350 S.W.2d 333 (Tex. 1961). In carrying out the general purposes for which it was created, the commissioners court may employ agents to do things that are not specifically required of other officers. <u>Von Rosenberg v. Lovett</u>, 173 S.W. 508 (Tex. Civ. App. - Austin 1914, writ ref'd). The commissioners court may not, however, confer on an agent or other officer authority the court itself may not exercise. <u>Jones v. Veltmann</u>, 171 S.W. 287 (Tex. Civ. App. - San Antonio 1914, writ ref'd).

For several reasons, we do not agree that the commissioners court has implied authority to create a payroll department pursuant to section 115.021. We have previously determined that the authority of the commissioners court under section 115.021 does not include the implied authority to prepare the county payroll. Attorney General Opinion JM-986 (1988). Furthermore, it seems illogical that the department created by the commissioners would be authorized to process only payrolls, rather than all claims or accounts against the county requiring court approval under section 115.021. Finally, the creation of a payroll department solely on the order of the commissioners court clearly infringes on the powers of county officers, including the county treasurer, on whom specific authority to prepare the payroll is conferred by statute.

Another limitation of the commissioners court's authority is that it may not usurp the powers of other county officers:

> The commissioners' court cannot deprive an officer of the authority, rights and duties which inhere in his office, nor require him to delegate the same to another person selected by it; nor can it displace an officer by authorizing another person to perform duties devolved upon him by statute.

<u>Aldrich v. Dallas County</u>, 167 S.W.2d 560, 565 (Tex. Civ. App. - Dallas 1942, writ dism'd) (quoting 34 Tex. Jur., Public Officers § 69). <u>See also</u> <u>Navarro County v. Tullos</u>, 237 S.W. 982 (Tex. Civ. App. - Dallas 1922, writ ref'd). Other cases furnish ample proof of the vitality of this principle. Collectively, they demonstrate that the commissioners court may not arrogate or intrude upon the statutory duties of other officers under the guise of its general powers, its authority to adopt and approve budgets, or its power to set salaries. <u>See</u> <u>Bastrop County v. Hearn</u>, 8 S.W. 302 (Tex. 1888); <u>Vondy v. Commissioners Court of Uvalde</u>

County, 714 S.W.2d 417 (Tex. App. - San Antonio 1986, writ ref'd n.r.e.); Caldwell County v. Citizens State Bank, 676 S.W.2d 159 (Tex. App. - Austin 1984, writ ref'd n.r.e.); Commissioners Court of Harris County v. Fullerton, 596 S.W.2d 572 (Tex. Civ. App. - Houston [1st Dist.] 1980, writ ref'd n.r.e.); Presidio County v. Walker, 69 S.W. 97 (Tex. Civ. App. 1902, writ ref'd). The commissioners court's implied authority to hire agents and experts is subject to this limitation as well. See, e.g., Terrell v. Greene, 31 S.W. 631 (Tex. 1895); Seagler v. Adams, 238 S.W. 707 (Tex. Civ. App. - Galveston 1922), aff'd, 250 S.W. 413 (Tex. 1923).

Attorney General Opinion JM-911 concluded that the legislature, via three provisions of the Local Government Code, delegated primary responsibility for the preparation and processing of payroll and the payment of salaries to county officers and department heads in Harris County. Section 151.903 requires county officers and department heads in a county with a population of 500,000 or more to file a sworn payroll at the close of each month detailing certain information for each person employed by the officer and paid with county funds or funds of a flood control district located wholly within the county. Section 113.047 authorizes a county officer in a county with a population of 190,000 or more to draw checks in payment of salaries. Section 154.043(a) authorizes district, county, and precinct officers in such a county to issue salary warrants in payment of employees' salaries. These provisions were determined to vest county officers with the bulk of payroll responsibilities. The most notable exceptions were the county treasurer's duty under section 155.021 of the Local Government Code to make deductions from the salaries of county officers and employees and the commissioners court's duty to approve salary payments under section 115.021.

As previously mentioned, Attorney General Opinion JM-986 concluded that the commissioners court has no implied authority under section 115.021 to prepare the county payroll. This opinion also determined that section 155.021 gave the county treasurer the power and the duty to make deductions from the compensation of county officers and employees. The latter provision was, in our view, indicative of the general understanding of the legislature that payroll duties were among the core functions of the constitutional office of county treasurer. Though the legislature arguably has the discretion to confer some of these responsibilities on all county officers generally (as it has in Local Government Code sections 113.047, 151.903, and

154.043), we stated the commissioners court has no power to assign such duties to another officer.

These opinions and code provisions make it abundantly clear that the commissioners court has no independent general authority to process the payroll for all county offices. Since it cannot delegate power it does not possess, the commissioners court is without authority to create a county payroll department to perform such duties for all county offices. Canales v. Laughlin, supra; Jones v. Veltmann, supra; Presidio County v. Walker, supra; Attorney General Opinion JM-986 (1988). You do not disclose whether all county officers have delegated their authority under sections 113.047, 151.903, and 154.043 to the commissioners court or to the payroll department it has created. In the absence of an effective delegation of such duties from all county officers, we believe the commissioners court may not assign payroll responsibilities for all county offices to an agency of its own creation.

Furthermore, information supplied in connection with this request indicates that the sole duty of the payroll department created by the commissioners court will be to process payrolls. The county treasurer will be allowed to "verify" payroll deductions, print paychecks and direct deposit statements, and disburse paychecks to employees. The implementation of the system under these circumstances would require county officers to delegate their payroll duties to an office of the commissioners court's choosing. Also, since we perceive a significant difference between "making" a payroll deduction and "verifying" one that presumably has already been made, such a system would require the county treasurer to relinquish her duties under section 155.021. See Attorney General Opinion JM-986 (1988) (describing treasurer's duty to "make" deductions under section 155.021). The commissioners court's proposal would thus deprive the county treasurer of authority expressly granted to her in her general capacity as county officer and would prevent her from discharging duties specifically imposed upon the office of county treasurer by section 155.021. This would plainly exceed the command of the commissioners court. Aldrich v. Dallas County, supra. Accordingly, we conclude that the establishment of a separate payroll department by the commissioners court impermissibly usurps the statutory authority of the county treasurer, as well as that of other county officers.

Moving to your second question, we refer once more to Attorney General Opinion JM-911:

> The act of 'drawing' a check does not . . . require the officer to actually perform the clerical tasks of printing and writing in the figures on the face of the check. Rather, the officer may 'cause it to be written,' _i.e._, may delegate this task. We believe that both logic and constitutional law dictate that the only other official to whom this function properly may be delegated is the county treasurer, since the treasurer is authorized to 'pay and apply' county money as required by law or the commissioners court. Local Gov't Code § 113.041(a). See also Attorney General Opinion JM-585 (1986) (defining 'disburse' as 'pay or expend').

Attorney General Opinion JM-911 (1988), at 18.

These remarks were made after careful consideration of the nature and history of the office of county treasurer. The statements regarding preparation of paychecks reflect the close alignment of these functions with duties that are currently or were formerly delegated to the county treasurer by statute. See Local Gov't Code § 113.042(a) (treasurer shall endorse face of properly drawn warrant, check, voucher, or order with the order to pay the named payee if there are sufficient funds in the account against which it is drawn); former V.T.C.S. art. 2554 (predecessor of section 113.042(a), requiring treasurer to pay a warrant by drawing his check as county treasurer upon the county treasury in favor of the legal holder of the warrant). Thus, if a county officer were to choose to delegate the duty of preparing paychecks to another office, we believe logic and history give priority to the office of county treasurer over any other.

Priority should not, however, be mistaken for a right of office. Although there is a strong logical preference that all ministerial payroll duties be delegated to the county treasurer, we are aware of no principle of law that compels county officers to delegate such functions only to the county treasurer. To reach this conclusion we would be forced to endorse a result we have already repudiated insofar as the commissioners court is concerned. See Aldrich v. Dallas County, supra. If we were writing on a clean slate without the aid or hindrance of legislation, we would be inclined to conclude that the county treasurer is the only officer who could assume duties associated with the county payroll. See Attorney General Opinion JM-986 (1988). Our inclinations, however, are tempered by the enactment of

sections 113.047, 151.903, and 154.043 of the Local Government Code. So, while there may be misgivings about delegating such responsibilities to an agent or officer other than the county treasurer, only the legislature has the power to remedy this deficiency. This office has no authority to formulate or adopt public policy. Accordingly, we conclude that county officers are permitted, but not required, to delegate the duty of preparing paychecks for their respective offices to the county treasurer.

As far as check disbursal is concerned, we think it is now settled that the county treasurer is the official responsible for delivering paychecks to county officers and employees. See Attorney General Opinions JM-986, JM-911 (1988); JM-585 (1986). Since you do not dispute this conclusion, there is no need to elaborate further on this point.

## S U M M A R Y

The commissioners court of Harris County has no independent general authority to establish a payroll department. The creation of a county payroll department under the circumstances considered in this opinion would impermissibly usurp the statutory authority of the county treasurer under sections 113.047, 151.903, 154.043, and 155.021 of the Local Government Code. County officers in Harris County are authorized, but not required, to delegate the preparation of employees' paychecks to the county treasurer. The county treasurer is the official responsible for disbursing paychecks to county officers and employees.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Steve Aragon
Assistant Attorney General